**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN BORDERS,

Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

Defendant.
_______________________________/

Case No. 05-73293
Hon. Gerald E. Rosen
Magistrate Judge Wallace Capel, Jr.

**OPINION AND ORDER REGARDING**
**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on September 28, 2006

PRESENT: Honorable Gerald E. Rosen
United States District Judge

On August 15, 2006, Magistrate Judge Wallace Capel, Jr. issued a Report and Recommendation ("R & R") recommending that the Court deny Plaintiff John Borders' Motion for Summary Judgment and grant the Defendant Commissioner of Social Security's Motion for Summary Judgment. Plaintiff filed objections to the R & R on September 7, 2006, Defendant responded to these objections on September 19, 2006, and Plaintiff filed a reply in further support of his objections on September 22, 2006. The Court has now reviewed the parties' submissions, the R & R, and the remainder of the record. For the reasons discussed briefly below, the Court concurs in the Magistrate

Judge's recommended disposition of this case.

Plaintiff's two objections to the R & R largely track the arguments advanced in his underlying summary judgment motion. First, he contends that the Administrative Law Judge ("ALJ") failed to identify sufficient grounds for discounting the opinion of Dr. Todd T. Best, as mandated under the pertinent Social Security regulation, 20 C.F.R. § 404.1527(d)(2), and Sixth Circuit precedent, see Wilson v. Commissioner of Social Security, 378 F.3d 541, 544-46 (6th Cir. 2004). Under these authorities, an ALJ must provide "good reasons" for according less than controlling weight to the opinion of a treating physician, but Plaintiff asserts that the ALJ's decision falls short of this standard in this case.

The Court cannot agree. First, as Defendant points out, it is open to question whether Dr. Best should be considered a "treating physician," particularly when he completed an assessment of Plaintiff's physical capacity in October of 2001. At that point, Dr. Best had seen Plaintiff only once, on September 13, 2001, (see Admin. Record at 156-59), which is insufficient to establish the "ongoing treatment relationship" that is necessary to consider a medical professional a "treating physician." See 20 C.F.R. § 404.1502; see also Kornecky v. Commissioner of Social Security, No. 04-2171, 167 Fed. Appx. 496, 506 (6th Cir. Feb. 9, 2006); Daniels v. Commissioner of Social Security, No. 04-5709, 152 Fed. Appx. 485, 490-91 (6th Cir. Oct. 24, 2005). Even at the time that Dr. Best offered his second assessment of Plaintiff's physical capacity, in May of 2004, he evidently had seen Plaintiff only three times over the past three years — in September

and November of 2001 and in May of 2003. (See Admin Record at 156, 185, 186.) Such sporadic visits do not evidence an "ongoing treatment relationship." See 20 C.F.R. § 404.1502 (stating that such a relationship exists where "the medical evidence establishes that you see, or have seen, the source with a frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for your medical condition"); Daniels, 152 Fed. Appx. at 490-91 (reasoning that two visits to a doctor "is not a frequency consistent with the treatment of back pain").

In any event, even assuming that Dr. Best qualified as a "treating physician," the ALJ certainly was entitled to cite Plaintiff's infrequent visits to this doctor as a legitimate basis for giving less weight to Dr. Best's opinions. See 20 C.F.R. § 404.1527(d)(2)(i) (expressly listing "[l]ength of the treatment relationship and the frequency of examination" as permissible grounds for declining to give controlling weight to a treating physician's opinion). As further grounds for discounting Dr. Best's opinions, the ALJ cited such considerations as (i) the fact that Dr. Best's October 12, 2001 assessment was more restrictive in certain respects than Plaintiff's own testimony regarding his limitations at the roughly contemporaneous December 12, 2001 administrative hearing, (see Admin. Record at 23); (ii) inconsistencies between Dr. Best's finding of significant limitations and his recognition that Plaintiff was independent in self-care skills and activities and performed normal chores around the home, (see id.); (iii) inconsistencies between Dr. Best's finding of disabling pain and his observation that Plaintiff did not "grimace, verbalize pain or exhibit tremors" during his examination, (see id. at 24); (iv)

the fact that Dr. Best's September 13, 2001 report was "incomplete in several respects," and did not, for example, identify the "multiple pains" referred to in the report, (see id.); and (v) the absence of evidence that Dr. Best was familiar with the particular requirements for deeming a claimant "disabled" under the Social Security Act and governing regulations, (see id.). Each of these factors is both supported by the record and a permissible basis for according less weight to a medical opinion. See 20 C.F.R. § 404.1527(d)(1)-(6); Wilson, 378 F.3d at 544. Accordingly, the Court finds that the ALJ fulfilled his obligation to provide "good reasons," supported by the record, for declining to give controlling weight to the opinions of Dr. Best.

Next, Plaintiff contends that the ALJ failed to identify a sufficient basis for discounting his testimony regarding his limitations. As an initial matter, however, Defendant correctly points out that the ALJ's findings are largely consistent with this testimony. The principal point of divergence is as to Plaintiff's claimed need to lie down for ten minutes each hour. On this issue, the ALJ observed (i) that there was a lack of clinical findings to support such a claim; (ii) that Plaintiff's treating physicians had opined that he could work within limitations; (iii) that Plaintiff did not exhibit indicia of pain during Dr. Best's examination in May of 2003; (iv) that Plaintiff's testimony was somewhat inconsistent with his demonstrated ability to sit through the 25-minute administrative hearing; and (v) that Plaintiff's infrequent medical treatment since his retirement was inconsistent with his complaints of chronic pain. (See Admin. Record at 24.) Again, all of these are permissible grounds for discounting a claimant's testimony,

see 20 C.F.R. § 404.1529(c), and all are supported by substantial evidence in the record.[1]

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation, as supplemented by the foregoing rulings, is ADOPTED as the opinion of this Court. IT IS FURTHER ORDERED that Plaintiff's Motion for

[1]Although Plaintiff challenges the ALJ's assertion that his treating physicians had "consistently indicated that the claimant could work within limitations," (Admin. Record at 24), Defendant points to the statement in Plaintiff's own brief that "treating physicians in this claim have indicated that Plaintiff could work within limitations but all prior to September 2001." (Plaintiff's Motion for Summary Judgment, Br. in Support at 9.) This statement, in turn, is supported by evidence in the record. (See, e.g., Admin. Record at 115, 119, 123, 132, 138.) Next, while Plaintiff protests that the ALJ failed to identify the "clinical findings" that he relied upon in finding a lack of substantiation for Plaintiff's claimed need to lie down throughout the day, the Court is at a loss as to how an ALJ could identify the clinical findings that are ***lacking*** from the medical record in support of a claimed limitation. To the extent that Plaintiff would require that an ALJ point to medical evidence that ***disproves*** a claimed limitation, Defendant properly points out that this would turn the burden of proof on its head, where it is the claimant's burden to produce evidence of a disabling condition. See 20 C.F.R. § 404.1512(a).

Summary Judgment is DENIED, and that Defendant's Motion for Summary Judgment is GRANTED.

s/Gerald E. Rosen
Gerald E. Rosen
United States District Judge

Dated: September 28, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2006, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry
Case Manager